WOODMEN ACCIDENT ASSOCIATION V. WALTER D. PRATT, REVIVED IN THE NAME OF J. W. BYERS, ADMINIS-TRATOR.

FILED OCTOBER 16, 1901.   No. 9,765.

1. In Contracts of Insurance, Forfeitures Are Not Favored. Forfeit-ures are not favored, and in contracts of insurance a construc-tion resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties. *Phenix Ins. Co. v. Holcombe,* 57 Nebr., 622.

2. Construction of Policy. In construing conditions in a policy of insurance, to be complied with subsequent to an event resulting in loss or injury for which indemnity is claimed, with respect to the giving of notice of the loss or injury, and preliminary proofs thereof, a more liberal construction will be given in

47

favor of the beneficiary than when the conditions are to be complied with prior to loss or injury for the purpose of continuing the policy in force and effect.

3. **Provisions as to Time Are Not Always to Be Literally Complied With.** Provisions as to time in which the notice is required to be given of a loss or injury for which indemnity is claimed, are not necessarily and in every instance to be literally complied with in order to prevent a forfeiture of the policy.

4. **Reasonable Construction as to Provision of Time.** A reasonable and natural construction will be given such provisions in order to carry out the evident intention and manifest purpose of the parties to the contract, and the object to be accomplished thereby.

5. **Time in Accident Policy, Condition Precedent.** When a time is fixed in a policy of accident insurance for the giving of the notice of an accident and injury resulting therefrom for which indemnity is claimed, with the particulars thereof, which is reasonable in its character, this will ordinarily be regarded as a condition precedent to be complied with before a recovery can be had.

6. **Circumstances and Conditions May Change Application of Law.** But when because of circumstances and conditions surrounding the transaction, obstacles or causes exist preventing and rendering impossible the performance of the act within the time stipulated, the act may be performed thereafter, and the beneficiary will be excused for the failure, if done within a reasonable time, or within the time stipulated after the obstacle or cause preventing prior compliance ceases to exist; the question of the sufficiency of the excuse offered, and the reasonableness of the time in which the act is performed, to be determined according to the nature and circumstances of each individual case; the beneficiary in all cases being required to act with diligence, and without laches on his part.

7. **Accident Producing Dementia Excuses Failure to Give Notice.** Where a person suffered a fall by accident, resulting in a concussion of the brain, which deranged and crazed his mind so that he could not intelligently give the notice and required information regarding the accident and injury within the time stipulated, this fact excuses him in law from compliance with the conditions of the policy in that regard during the time of the existence of the disability.

8. **Evidence Sufficient.** Evidence examined, and found sufficient to support the finding of the jury.

ERROR from the district court for Saline county. Tried below before HASTINGS, J. *Affirmed.*

*Talbot & Allen*, for plaintiff in error.

*Hastings & Sands, contra.*

HOLCOMB, J.

Plaintiff, defendant in error, was the holder of an accident policy of insurance in defendant company, plaintiff in error. Having suffered an accident on the 17th day of October, 1895, resulting in an injury totally disabling him from pursuing his ordinary business or occupation for a considerable period of time and partially disabling him for yet a further period, the plaintiff brought an action against the defendant to recover on the policy of insurance according to its terms and conditions. For answer to the petition of the plaintiff the answer alleges: "That it [defendant company] is not liable to the plaintiff, and is not indebted to the plaintiff, in any sum on account of any pretended injury received as stated in plaintiff's petition or otherwise, because in said certificate issued by the defendant to the plaintiff and sued on herein, it is there stipulated that as a condition precedent to any liability thereunder, the plaintiff shall give a written notice to the defendant at its home office in Lincoln, Nebraska, of any injury received for which indemnity is claimed, within ten days from date of such injury, and that plaintiff failed to so notify said company and said company did not receive any notice of said injury for a long time subsequent to the expiration of said ten days."

To the defense thus pleaded the plaintiff alleges in his reply that:

"By reason of said injury and as a direct result thereof he became and was sick and distempered in mind and body, so much so that he was entirely deranged, out of his head and crazy from the time he received his said injury for more than four months next thereafter ensuing, and was sick in body as well, and was confined to his house wholly unable to attend to, or transact any kind of busi-

ness or to give any direction or advise with any person concerning the same; that neither his wife nor any other member of his family knew of the existence of said policy mentioned and described in plaintiff's petition and by a mere accident, the wife of this plaintiff, on or about the 25th day of November, 1895, in looking over some of his papers, found the same and caused forthwith a notice in writing to be given said defendant of such accident, the time when it was received and the particulars concerning the same, as is in said policy provided, whereupon said defendant at once denied all liability on said policy and assigned as the sole and only reason therefor that the notice had not been given within ten days from the date said injury was received. When in truth and in fact this plaintiff by reason of his said injury and as a direct cause thereof was crazed and deranged and bereft of all reason and power to give said defendant said notice, but that said notice was so as aforesaid duly given so soon as the said policy was found and while this defendant was still bereft of sense and by reason of his said injury and before he had recovered his reasoning faculties."

On the issue thus raised by the pleadings, a trial was had to the court and jury resulting in a verdict and judgment in favor of plaintiff for the sum of $265.41. Defendant prosecutes error.

But two questions are presented for consideration and argued in briefs of counsel and they are: First, are the terms of the policy of indemnity as to notice to be given the company by the assured in case of accident and injury to him to be construed literally and to be actually complied with in the time stated as a condition precedent to a right of recovery; and second, if not, is the evidence sufficient to sustain the general finding of the jury that plaintiff was excusable in the present instance from the time of the accident until the notice was actually and in fact given.

The accident occurred on the 17th of October and the notice thereof was mailed to the defendant on the 29th of

November, following, and received by it on the 30th, when acknowledgment thereof was made and the claim of the plaintiff denied and declined because the notice was not given within ten days as provided by the terms of the policy. The provision is as follows:

"Written notice shall be given the said association at Lincoln, Nebraska, within ten days of the date of the accident, and injury for which claim to indemnity or benefit is made, with full particulars thereof including statement of the time, place and cause of accident, the nature of the injury and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claims to indemnity or benefit under this certificate shall be forfeited to this association."

The defense is purely technical. The risk assumed by the insurer has not been increased or in anywise jeoparded by the failure of the insured to comply literally with the provisions for notice of the accident and the injury flowing therefrom. The insurer has received the stipulated consideration for the indemnity contracted for, and which the insured should not be deprived of after he receives an injury, save for his violation of the letter and spirit of the contract in respect of subsequent conditions to be performed as contemplated and intended by the parties thereto under well recognized and established rules of construction of contracts of the kind under consideration. A company of this character organized for the purpose of providing indemnity to those suffering injury and loss from accident should, and we assume does, have a higher mission than merely the collection of revenues. If the provision quoted must under all circumstances and regardless of conditions be absolutely and strictly complied with according to the letter thereof, then the contract can only be regarded as a snare and pitfall sure to entrap the unwary and deprive them of the protection and indemnity contracted for on their part in the best of faith and honesty of purpose. If the contract is legally incapable of any other construction than that contended for, requiring

a literal and exact compliance as a condition precedent
to be performed in the time mentioned, then if for, eleven
days the insured is irrational and deranged in his mind
as a result of the accident, as he appears to have been, and
therefore incapable of complying with this provision, he
would be altogether debarred from relief and the failure
would, on legal principles, be as fatal as would be the case
if the time were forty-four days as in the present instance.
Such a construction would be shocking to our sense of
justice, unconscionable and unreasonable.  There is, pre-
sumably, pervading every contract a reason based upon
something substantial, capable of conception and analysis
by the human mind, for the terms and conditions men-
tioned and prescribed therein.  It is well to note here that
we are not considering a question of complying with condi-
tions before loss or injury, such as the payments of assess-
ments and dues at the time stipulated, observing require-
ments affecting the nature and desirability of the risk in
order to continue a policy of insurance in force and effect.
Such stipulations are and should be regarded as of the
very essence of the contract and on their compliance de-
pends the life and success of the company.  Nor is it to
be questioned seriously that the terms of a contract of
the nature of those under consideration have a substantial
basis and valid cause for their existence, in all respects
reasonable in character and to be enforced, with proper
qualifications and exceptions under certain circumstances,
in all instances where the enforcement of the terms of the
contract is invoked by one of the parties thereto.   The
reason for the notice required is made manifest by a read-
ing of the provisions of the policy requiring the same to
be given.   It is for the purpose of advising the insurer of
the accident and the injury resulting therefrom for which
claim to indemnity is made, with full particulars as to
time, place, and cause of accident, and the nature of the
injury.   With this information the company is better en-
abled to protect itself from fraud, imposition and demands
unjust in character, and for which no legal liability ex-

ists. This is not only reasonable and proper but also commendable. It indicates good business judgment, prudence and foresight. But if this is the reason and object to be accomplished by the notice, as we apprehend will be cheerfully conceded, then it must have been the intention of the parties that the notice is not to be given until some person with knowledge of its requirements and mental capacity to act thereon is in a position to comply with its terms. It is not the notice of the accident alone that is the important information desired, but the particulars and circumstances surrounding the incident which is regarded and contracted for as of equal importance. How then ought this provision of the contract to be construed? Must it be by a hard and fast rule which admits of no deviation or qualification and for a failure to give the required notice during the time stated the policy is *ipso facto* forfeited, or can there be a legal excuse for failure to comply literally and with exactness with its terms which the law recognizes as valid and allows a recovery notwithstanding the failure of the insured to give the notice in the time stipulated? This court has frequently said that forfeiture clauses in contracts of the kind under consideration are not to be enforced literally except such construction be found necessary to conform to the obvious intention of the parties. "Forfeitures," says Sullivan, J., in *Phenix Ins. Co. v. Holcombe,* 57 Nebr., 622, "are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties." And in *Springfield Ins. Co. v. McLimans,* 28 Nebr., 846, it is held that "forfeitures" are not favored and should not be enforced unless the courts are compelled to do so, and that such rule applies to insurance companies. Of the same import are: *Estabrook v. Hughes,* 8 Nebr., 496; *Hibbeler v. Butheart,* 12 Nebr., 526, 531; *Connecticut Fire Ins. Co. v. Jeary,* 60 Nebr., 338.

In respect of the rule of construing provisions in a contract of insurance for notice of accident and injury or

loss or damage and proof of the same to be given "forth-
with" or "immediately" or within a stipulated time, the
authorities are not entirely harmonious, and yet from the
examination we have been able to make in the limited
time at our command the great weight of authority is to
the effect that the exercise of due diligence and reasonable
effort on the part of the insured to meet the requirements
thus imposed, to be determined under all the circum-
stances as disclosed in each individual case, is deemed a
compliance with such provisions although not within the
time according to the strict letter of the terms used in
defining the same.   Some authorities hold to the contrary
rule and require strict compliance with the letter of the
contract.   Notably of this class are the cases of *Gamble
v. Accident Assurance Co.*, 4 Ir. R. C. L., 204, and *Patton
v. Employers' Liability Assurance Corporation*, 20 Law
Rep. [Ir.], 93, in which it was held that the notice was a
condition precedent and omission to give a notice of death
within the prescribed time, even when death was instan-
taneously caused by accident, was a good defense and that
such notice might have been given by any person acting
on appointment by the assured or in behalf of any person
interested in the policy, and that it was not necessary that
it should be given by the legal personal representative of
the assured; that the provision was the deliberate con-
tract of the parties and should be enforced as made.   The
construction appears harsh and unnatural and is, we
think, not in accord with the spirit and trend of Amer-
ican authority regarding a proper construction of the same
or similar provisions. We are also cited to the case of *Hey-
wood v. Maine Mutual Accident Ass'n*, 27 Atl. Rep. [Me.],
154, in support of the contention of the defendant.   In that
case the question arose on demurrer to the petition which
disclosed that notice was required by the terms of the
policy sued on, and that none had, according to the plead-
ing, been given nor was any excuse or reason pleaded for
not giving the notice.   It being, for the purpose of the
question decided, admitted that no notice had been given

and no excuse existed for failure to give the notice, the question could not well be decided otherwise. *Simons v. Iowa State Traveling Men's Ass'n,* 71 N. W. Rep. [Ia.], 254, is also cited. In that case it appears that the assured had suffered from two accidents, for one of which he had been indemnified. Suit was brought for an injury caused by the second accident. The evidence disclosed that all the notice given, which consisted of ordinary correspondence, was with relation to and concerning the first accident and that the insurance company at no time had been notified of any injury from the second accident nor the particulars thereof nor was any reason or excuse given for not giving the required notice. Under such circumstances it would seem that the insured could not and ought not to recover.

In *Foster v. Fidelity & Casualty Co.,* 75 N. W. Rep. [Wis.], 69, also cited, the policy required "immediate" notice of the accident causing the injury or death to be given to the company and it is held that death resulting, the beneficiary of the policy having knowledge of the cause of death, could not wait 29 days before giving the required notice under the terms requiring "immediate" notice. The court in that case emphasizes the fact that after being acquainted with all the facts connected with or related to the accident resulting in death the beneficiary made no attempt to give the notice for the period mentioned. The evidence clearly shows want of diligence and laches on the part of the beneficiary. It is there held that the word "immediate" in the connection used means such convenient time as was reasonably necessary under the circumstances to do the thing required. Other authorities are cited distantly related to the question under consideration, in support of contention of counsel for defendant, but generally with reference to conditions and requirements of policies of insurance as to the payment of premiums, premium notes, dues and assessments, all of which in our view are to be regarded as not altogether in point for the reason heretofore stated and regarding which this

court has frequently expressed itself in accord with the rule announced in the authorities cited.

More directly in point are the authorities which deal with the question of the proper construction of provisions in policies regarding notice of the happening of the event which gives rise to a claim for indemnity, and proofs of loss or injury which generally are required to be given within a stated period after the happening of such event, or as is frequently expressed, "immediately" or "forthwith." These latter two words certainly have a meaning and definition as clear and well defined and susceptible of no misconstruction as though the time was stated in exact words as a stipulated number of days after the happening of the event.

In a fire insurance suit, *Continental Ins. Co. v. Lippold*, 3 Nebr., 391, it is held by this court that: "A condition in a policy of insurance requiring the insured, in case of fire, to give immediate notice of his loss, need not be literally complied with. The exercise of due diligence, and the giving such notice as may be reasonable in the particular case, is all that can be demanded." The same contention was then made as in the case at bar as to the necessity of giving notice of the loss within the time stated being a condition precedent to a right of recovery for the loss sustained. Says MAXWELL, J., who wrote the opinion: "No action can be maintained on the policy until the proof of loss is made, or waived by some act of the insurer. Yet it is a sufficient compliance with the condition of a policy, requiring notice of loss to be given 'forthwith' or 'immediately,' that the party has used due diligence under all the circumstances," citing *New York Ins. Co. v. National Ins. Co.*, 20 Barb. [N. Y.], 475; *Bumstead v. Dividend Mutual Ins. Co.*, 12 N. Y., 81.

In a Massachusetts case, *Harnden v. Milwaukee Mechanics Ins. Co.*, 164 Mass., 382, it is held that under a provision that "proof of loss shall be forthwith rendered" it is a question for the jury under all the circumstances of

the case whether such proof rendered two months after the loss was "forthwith rendered," a number of authorities being cited in the opinion to support the holding.

*Carey v. Farmers & Merchants Ins. Co.*, 40 Pac. Rep. [Ore.], 91, holds that under a policy providing that in case of loss, the assured shall give immediate notice and render a particular account thereof to the company, reasonable diligence is required in making proof of loss; and when such proof was made over four months after a fire and there was nothing in the pleadings to show that it could have been made sooner, the question of reasonable time was for the jury. Says the author of the opinion: "The term 'immediately,' as used in the policy, required the exercise of reasonable diligence by the plaintiff, which would be measured by his ability to make the necessary proof within a given time." See also *Trask v. State Fire & Marine Ins. Co.*, 29 Pa. St., 198; *Edwards v. Lycoming County Mutual Ins. Co.*, 75 Pa. St., 378; *Ermentraut v. Girard Fire & Marine Ins. Co.*, 65 N. W. Rep. [Minn.], 635; *Carpenter v. German-American Ins. Co.*, 31 N. E. Rep. [N. Y.], 1015, all holding to the same rule of construction.

While these cases refer to policies of fire insurance, the same reasoning and underlying principle on which the construction is based apply with equal force to policies of accident insurance, as in the case at bar. In fact Judge May, recognized as high authority on the law of insurance, says in his second volume of May on Insurance, section 536, while treating of the subject of accident insurance, "The general rules heretofore stated as to preliminary proof in other branches of insurance are also applicable here." That this rule does in fact apply in the construction of similar provisions in policies of accident insurance is recognized by the supreme court of Wisconsin in the case of *Kentzler v. American Mutual Accident Ass'n*, 60 N. W. Rep., 1002, where the policy provided that "immediate" notice of the accident should be given and notice was not given until May 26, the accident resulting

in death occurring November 9, preceding, showed a reasonable compliance with the terms of the policy. The case is in principle and reasoning directly in conflict with the cases reported from Ireland heretofore cited, and strongly relied on by counsel for the defendant. Says Judge Cassoday, writing the opinion of the court, after giving the definition of the word "immediate" as defined by the lexicographers, "If the contract is to be thus literally construed, compliance by the beneficiary would seldom be possible. But courts, looking at the substance of contracts and statutes, have, during the last two centuries, repeatedly declared that: 'The word "immediately," although in strictness it excludes all mean times, yet, to make good the deeds and intents of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing,' "—citing a large number of decisions in support of the rule. To the same effect is *McFarland v. United States Mutual Accident Ass'n*, 27 S. W. Rep. [Mo.], 436. It is there said, p. 439, "So, though the time in which the notice shall be given is fixed under the contract, if the circumstances of the accident are such as to make it impossible to comply with the condition, giving the notice within a reasonable time after it becomes possible has been held sufficient."

More directly in point is the case of *Trippe. v. Provident Fund Society*, 35 N. E. Rep. [N. Y.], 316, where the policy provided as in the case at bar that notice of any accident with full particulars of the accident and injury should be given in ten days or the policy would be forfeited, it is held that the time for giving the notice did not begin to run until the fact of the death of the insured and the circumstances under which it occurred had been ascertained. Says the court: "The condition upon which the defense is based was to operate upon the contract of insurance only subsequent to the fact of a loss. It must therefore receive a liberal and reasonable construction in favor of the beneficiaries. * * * The provision requires not only notice of the death, but 'full particulars of the

accident and injury.' It is quite conceivable that in many cases of death by accident the fact can not be, and is not, known until days, or even weeks, after it has occurred. Such conditions in a policy of insurance must be considered as inserted for some reasonable and practical purpose, and not with a view of defeating a recovery in case of loss by requiring the parties interested to do something manifestly impossible. * * * The parties having contracted that the notice of death should be accompanied by full particulars of the manner in which it occurred, and the attendant circumstances, they evidently intended that it should be given only when the fact and manner of death became known to the parties who were required to act. The fair and reasonable construction of this condition, therefore, is that the ten days within which the notice is to be given did not begin to run from the date of the accident, or the disappearance of the insured, but from the time when the body was found, and the important fact of death, with the circumstances and particulars under which it occurred, ascertained." In *Insurance Co. v. Boykin,* 12 Wall. [U. S.], 433, 436, Mr. Justice Miller, who delivered the opinion of the court, expressed its views as to such a condition in an insurance policy in the following terse language: "Based on the facts of the case the defendants at the trial asked instructions, the substance of which is condensed in the proposition that they had a right to proof of loss by an intelligent being, and if plaintiff was insane no such proof had been given, and if he were sane then his affidavit showed such fraud as should defeat recovery. The last of these propositions is not denied, but was not asked as an independent instruction. But the first is too repugnant to justice and humanity to merit serious consideration. There are two obvious answers to it. First, the affidavit, whether of an insane man or not, is sufficient in the information which it conveys of the time, the nature, and amount of the loss. Second, if he was so insane as to be incapable of making an intelligent statement, this would of itself excuse that condition of the policy."

Delirium of the insured during the ten days in which notice was required to be given of an accident and injury resulting therefrom, is held to be a sufficient excuse for noncompliance therewith. in the case of *Manufacturers Accident Indemnity Co. v. Fletcher*, 5 Ohio Cir. Ct. Rep., 633. In that case the insurance company, it would seem, was content with the judgment rendered and did not ask for a review of the lower court's ruling on the question, by the supreme court.

The supreme court of Georgia, in the case of *United Benefit Society v. Freeman*, 36 S. E. Rep., 764, distinctly recognizes the right of the assured to be excused from the performance of a condition requiring notice to be given in ten days after the date of the injury when grounds exist which render it impossible to give the notice within the time required by the terms of the policy. Says the author of the opinion: "So, granting that it was impossible for the insured to use his eyes at all during the ten days, we do not think this fact would be sufficient to excuse a noncompliance with the condition as to giving the notice during that period of time. The evidence was not sufficient to support a finding that it was impossible for the plaintiff to give the notice to the society within ten days from the date of his injury." As bearing upon the same question we also cite *Globe Accident Ins. Co. v. Gerisch*, 45 N. E. Rep. [Ill.], 563; *Hoffman v. Accident Indemnity Co.*, 56 Mo. App., 301; *Oddfellows Fraternal Accident Ass'n v. Earl*, 70 Fed., 16; 2 Biddle, Insurance, secs. 985, 986.

From the foregoing, the conclusion is, we think, fairly deducible that in construing conditions in a policy of insurance with respect to the giving notice of the happening of the event and the particulars thereof and preliminary proofs, to be complied with subsequent to the event resulting in loss or injury and for which indemnity is claimed, a more liberal construction in favor of the beneficiary should be given than when the conditions are to be complied with prior to the happening of such event and for the purpose of continuing the policy in force and ef-

fect; that such provisions as to the time in which the notice is required to be given or proofs furnished are not necessarily and in every instance to be literally complied with in order to prevent a forfeiture of the policy, or entitle a party to recover for a loss or injury resulting from the happening of the event for which indemnity is claimed; that a reasonable and natural construction should be given such provisions in order to carry out the evident intention and manifest purpose of the parties to the contract and the object to be accomplished thereby; that when a time is fixed in a policy of accident insurance for the giving of notice of an accident and injury resulting therefrom for which indemnity is claimed, with the particulars thereof, which is reasonable in its character, this will be regarded as a condition precedent to be complied with before recovery can be had, but when because of circumstances and conditions surrounding the transaction, obstacles or causes exist preventing and rendering impossible the performance of the act within the time stipulated, the act may be performed thereafter and the beneficiary will be excused for the failure, if done within a reasonable time, or within the time stipulated after the obstacle or cause preventing prior compliance ceases to exist, the question of the sufficiency of the excuse offered and the reasonableness of the time in which the act is performed to be determined according to the nature and circumstances of each individual case, the beneficiary in all cases being required to act with due diligence and without laches on his part.

It is, however, urged that, conceding the plaintiff did not forfeit his rights under his policy because he failed to give the notice required within the ten days' stipulated time after the accident happened resulting in the injury and loss of time for which the action is prosecuted, the delay in giving the notice for the time elapsing until given was unreasonable and unnecessary and the evidence is insufficient to excuse him from not giving the notice sooner and is insufficient to support the finding of the

jury in his favor in respect thereto. A careful reading of the testimony leads to the conclusion that the evidence pertinent to the question of giving notice is sufficient to sustain the jury's finding. The reply heretofore quoted clearly states the reason for not giving earlier notice and receives, we think, substantial support by the evidence introduced as shown by the record. The trial court instructed the jury that it was necessary for the plaintiff, in order to entitle him to recover, to show by a fair preponderance of the evidence that by reason of his deranged and disordered condition of mind he was prevented from giving the notice in the time required by the conditions of the policy; and that if the plaintiff had lucid intervals so that he might have advised his family of his policy of insurance and had notice given to the defendant more than ten days prior to November 29th, 1895, then he could not recover. The instructions were very fair and as favorable to the defendant as it could reasonably ask. The evidence discloses that the injury was occasioned by plaintiff falling from a windmill tower, producing a concussion of the brain from which he was utterly unconscious for about sixteen hours and thereafter his mind appeared deranged and crazed for some three or four months. At times he was somewhat rational; he had lucid intervals in the sense that he could recognize the members of his family and immediate friends, could come and go to and from his house. But that he had not regained the possession and use of his mental faculties in their normal state, during the time intervening between the accident and the time notice was given, is entirely manifest from the evidence, and that he did not in fact recover from his mental derangement until long subsequent to the time is equally apparent. He was because of his mental condition incapacitated from attending his ordinary affairs of life. He was wild and visionary, trying to run away, and imagined that he was preparing to go to another state. His mind during all this period was deranged and disordered and at times he became violently insane. His wife knew

nothing of the policy. She was opposed to his carrying such insurance, and, from the litigation following, her confidence in its ·wisdom and prudence is probably not strengthened. She discovered among his papers correspondence indicating that he carried accident insurance and when she asked him if he held such a policy he answered in the negative. She, however, discovered the policy and sent the required notice in his name. The verdict of the jury was proper and the evidence sufficient in our opinion to excuse the plaintiff from earlier notifying the defendant of the accident and the injury following, with the particulars and other information called for by the terms of the provision quoted. The justness of the judgment and the regularity of the proceedings are fully established by the record.

The judgment should be, and therefore is, in all respects

AFFIRMED.