JOHN M. FARRELL, APPELLANT, V. FARMERS AND MER-
CHANTS INSURANCE COMPANY, APPELLEE.

FILED APRIL 13, 1909. No. 15,657.

1. **Insurance:** POLICY: CONSTRUCTION. That part of an insurance pol-
icy relating to proofs of loss should be construed with great
liberality.

2. ———: PROOF OF LOSS: WAIVER. An agent of an insurance com-
pany charged with the duty of adjusting its losses has authority
to waive the giving of notice and proof of loss.

3. ———: ———: ———: ESTOPPEL. And if such an adjuster, after
property covered by a policy of insurance issued by his principal
has been destroyed by fire, goes to the scene of the conflagration,
and informs an agent of the assured, who was directed to look
after an adjustment of said loss, that said loss is total, and the
company will be compelled to pay it, and that, if the policy
holder were present, they would have no trouble in settling, such
conduct and statement, if the assured relies thereon, amount to
a waiver on the part of the company of notice and proof of loss,
and will estop it from insisting on a forefeiture based upon the
nonreceipt of such notice and proof.

APPEAL from the district court for Red Willow county:
ROBERT C. ORR, JUDGE. *Reversed.*

*Starr & Reeder,* for appellant.

*Cordeal & McCarl* and *A. L. Chase, contra.*

ROOT, J.

Plaintiff appeals from a judgment against him in a
suit on a fire insurance policy. Defense that plaintiff
did not make proof of loss as required by said contract.
Replication that notice was given, that defendant waived
such proof, and is estopped to make said defense.

The jury, in conformity with the court's instruction,
returned a verdict in favor of defendant. We must there-
fore give the evidence a liberal construction in plaintiff's
favor. The evidence discloses that the policy was issued
through a Mr. Berry, defendant's recording agent at Mc-

Cook, and the premium paid. During the life of the policy the property insured was totally destroyed by a fire which originated in a store building in the same block, but not adjoining plaintiff's building. The following day plaintiff told Berry, who was still defendant's agent, that the building had been burned, and asked him what he (plaintiff) should do. Berry answered that nothing further was necessary, that he would write to the company and within a short time an adjuster would settle with plaintiff. Berry immediately notified the company at its home office on blanks furnished him for that purpose, and about 20 days thereafter an adjuster appeared and settled other losses resulting from said fire. Plaintiff was absent from town, and the adjuster did not see him, but did see and talk with a Mr. Booth, who had been authorized by plaintiff to attend to said business. The adjuster told Booth that the loss was total, and, if plaintiff were present, they would have no trouble in settling. Berry told plaintiff that the adjuster said that he had been to Lebanon where the loss occurred, that plaintiff was not at home, and that a settlement was not made, but that, if Farrell had been there, a settlement would have been made. Defendant asserts that the authority of this adjuster was not shown, but the record discloses that Mr. Lawler, said adjuster, and Mr. Funkhouser, the secretary of defendant, were present at the trial of this case; that the secretary was charged with the duty of attending to the settlement of losses, and had told a representative of plaintiff that Lawler had been sent out to adjust the losses resulting from said fire, and that the reason plaintiff's loss was not adjusted by said agent was because plaintiff was not at Lebanon at that time; so it may safely be assumed that Lawler had full authority to adjust and settle said loss. Berry further testified that plaintiff frequently spoke to him about said loss, and that the witness would invariably say that the adjuster would be out and adjust it. The policy provides that, "in any matter relating to this insurance, no person, unless duly

authorized in writing, shall be deemed the agent of this company"; that the making and delivery of said proof of loss in writing within 60 days after the fire shall be a condition precedent to the maintenance of any action upon the policy, and failure to make or deliver said proof within said period shall discharge the company from all liability, and further, "this policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon, or added hereto, and no privilege or permission affecting the insurance under this policy shall exist or be claimed by the insured unless so written or attached."

Defendant argues that Berry did not have authority to waive any condition in the policy, and that his assurance to plaintiff that notice to said agent was sufficient, and that the loss would be paid, did not bind the company. In *Continental Ins. Co. v. Lippold*, 3 Neb. 391, we held that that part of an insurance policy relating to preliminary proofs and notice should be construed with great liberality. In *Union Ins. Co. v. Barwick*, 36 Neb. 223, Mr. Chief Justice MAXWELL, speaking for the court, said: "A company may have notice from their own agent at a given point that a certain loss has occurred, and if it acts upon that information and sends an adjuster to estimate the amount of the same, etc., it is no doubt a waiver of proof." It is argued with great learning, and many authorities are cited to sustain the proposition, that a local agent whose duties are confined to securing risks, issuing policies and collecting and remitting premiums is not clothed with power to waive a condition precedent to be complied with subsequent to a fire. There is respectable authority to the contrary. *Nickell v. Phœnix Ins. Co.*, 144 Mo. 420, 46 S. W. 435. Plaintiff's right to recover in this action does not depend entirely upon Berry's authority, or lack of authority, but rather upon the conduct of defendant and the statements made by the adjuster. In *Home Fire Ins. Co. v. Kuhlman*, 58

Neb. 488, it was held that an agent of a corporation acting within the scope of his authority may by his declarations and conduct waive his principal's right to take advantage of a forfeiture, and that such an inference may be drawn from any declaration or conduct on the part of the agent which fairly indicates that the principal has, with full knowledge of the facts, elected to treat the policy as a subsisting obligation. And in *Northern Assurance Co. v. Hanna,* 60 Neb. 29, it was held that a stipulation that suit should not be commenced until 60 days after full compliance by the assured with the requirements of the policy was intended to give the insurer time to inquire into the cause of loss and make provision for payment. In *Phenix Ins. Co. v. Rad Bila Hora Lodge,* 41 Neb. 21, we held that, although a policy provided that an action could not be maintained thereon unless commenced within six months after loss, yet, if the company's agents led the assured to believe that his claim would be paid without suit, and thereby caused him to delay action until after that period of time, the company would be estopped from maintaining such defense. See, also, *Allemania Fire Ins. Co. v. Peck,* 133 Ill. 220; *Bonnert v. Pennsylvania Ins. Co.,* 129 Pa. St. 558; *Thompson v. Phenix Ins. Co.,* 136 U. S. 287.

We do not think it important for a solution of the instant case to inquire whether the adjuster's authority was in writing. The scope of his employment was such that the assured would be justified in relying on his statements concerning a settlement of the loss. The evidence discloses that the adjuster was acting generally in that line, and the court should have permitted plaintiff to prove that said agent settled with other policy holders whose property was destroyed by said fire, and who had not made proof of loss. Although the 60 days within which plaintiff might make proof of loss had not expired when the adjuster visited Lebanon so that he did not waive any absolute and completed right to forfeit the policy, still plaintiff had a right to believe from what was said,

and the adjuster the authority to induce the belief, that the company was satisfied with the notice given and proofs. It was a question of fact for the jury to determine whether, under all the facts and circumstances of this case, defendant had waived proof of loss in the manner and within the time provided by the policy.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.