FARMERS MUTUAL HAIL INSURANCE COMPANY, APPELLANT, v. CARL H. LEONARD, APPELLEE.

92 N. W. 2d 670

Filed October 31, 1958. No. 34396.

B. B. *Bornhoft* and *Thomas J. Gorham,* for appellant.

*Free & Free,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This case originated as an action on a promissory note given by the defendant to the plaintiff as payment for a policy of hail insurance. As to that feature of the case there was a judgment for the plaintiff. That judgment is not involved in this appeal.

The defendant cross-petitioned seeking to recover for damages to insured crops. Issues were made and trial was had resulting in a verdict of damages for the defendant, and judgment was rendered thereon. That judgment is involved in this appeal.

At the close of all the evidence plaintiff moved for a dismissal of defendant's cross-petition or in the alternative for a directed verdict. The motion was overruled.

Plaintiff moved for a judgment notwithstanding the verdict or for a new trial. That motion was denied.

Plaintiff appeals, assigning error in several respects including error in failing to sustain the motion for a directed verdict or to dismiss the cross-petition.

We sustain the recited assignments and reverse the judgment and remand the cause with directions to dismiss the cross-petition.

The policy contained the following provision: "Whenever any member shall sustain a loss he shall within 10 days of the date of the loss notify the Secretary at its Home Office by registered letter. This Company shall not be liable for any loss not so reported. It is agreed that Notice of Loss to an Agent of this Company shall not constitute notice to the Company within the intent and meaning of this policy."

Crop damage occurred on June 26, 1954. Defendant and his sons had similar insurance. Within a day or so thereafter the defendant and his sons separately prepared notices of loss on post card forms. Defendant's notice contained the address in printing of the plaintiff and on the reverse side "NOTICE OF LOSS—PLEASE REGISTER." On the lower left-hand corner was a square above which was printed "Back Stamp" and below "Office of Mailing."

The card contained a stamped number of the policy and blanks to be filled in. The defendant caused to be filled in the hour, day, and month of the storm. The card was signed for defendant by his son and given to the son for mailing at a mail box about 600 feet from the farm home. The son mailed the other notices to the plaintiff. A few days later the son found the defendant's card notice of loss behind the car seat and testified that he promptly put it in the rural mail box. An attempt was made to show that this occurred on the 10th day after the loss. However, the record contains an admission by the defendant that it was not mailed within the 10-day period. It was postmarked July 7, 1954, at 4 p.m., which was the 11th day after the loss. It was received by the plaintiff at its home office on

July 8, 1954, which was the 12th day after the loss. Actual notice of the loss was given to an adjuster on July 8, 1954.

Defendant pleaded both the giving of the notice and actual notice, and argues here that he has shown substantial compliance.

In Woodmen Accident Assn. v. Pratt, 62 Neb. 673, 87 N. W. 546, 89 Am. S. R. 777, 55 L. R. A. 291, we had a case involving an accident policy which contained a provision requiring notice of injury within 10 days from the date of the injury. The rules there announced are applicable to the policy here involved. Applying those rules here we hold that when a time is fixed in a policy of hail insurance for the giving of notice of a loss for which indemnity is claimed which is reasonable in character, it will generally be regarded as a condition precedent to be complied with before a recovery can be had. The court there held: "But when because of circumstances and conditions surrounding the transaction, obstacles or causes exist preventing and rendering impossible the performance of the act within the time stipulated, the act may be performed thereafter, and the beneficiary will be excused for the failure, if done within a reasonable time, or within the time stipulated after the obstacle or cause preventing prior compliance ceases to exist; the question of the sufficiency of the excuse offered, and the reasonableness of the time in which the act is performed, to be determined according to the nature and circumstances of each individual case; the beneficiary in all cases being required to act with diligence, and without laches on his part."

It is patent that the fault here was the lack of diligence and laches of the defendant and his agent. No circumstance, condition, or obstacle rendered impossible the performance of the act of mailing the notice within the proper time. The plaintiff is in nowise at fault.

The judgment of the trial court is reversed and the

cause is remanded with directions to dismiss defendant's cross-petition.

REVERSED AND REMANDED WITH DIRECTIONS.