SECURITY STATE BANK OF EDDYVILLE, APPELLEE, V. AETNA
INSURANCE COMPANY, APPELLANT.

FILED MAY 6, 1921.   No. 21420.

1. **Insurance: POLICY: BREACH OF CONDITION: STATUTE.** Under the statutes of Nebraska, the violation of a condition in a fire insurance policy by the mortgaging of insured chattels does not invalidate the insurance, unless the breach of contract contributes to the loss. Rev. St. 1913, sec. 3187.

2. ————: **ATTORNEY'S FEE.** Under the statutes of Nebraska, as amended in 1919, the court has no authority to tax an attorney's fee in favor of plaintiff upon rendering judgment in his favor in a suit on a fire insurance policy covering personal property only. Laws 1919, ch. 103, sec. 2, and ch. 105, sec. 1, subd. 5.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed in part and reversed in part.*

*Montgomery, Hall & Young,* for appellant.

*John A. Miller* and *J. M. Fitzgerald,* contra.

ROSE, J.

This is an action to recover $1,600 for fire insurance on personal property in a garage conducted at Eddyville in the name of Leech Brothers, the insured. The policy was issued October 3, 1917, and there was a total loss by fire March 5, 1918. After the fire, the policy was assigned to plaintiff. The answer contained the plea that the insured property, without the consent of defendant, in violation of the policy, was transferred to plaintiff by a bill of sale November 23, 1917, and that the insurance was thus invalidated. In a reply to the answer plaintiff alleged that the bill of sale was in effect a chattel mortgage which in no way contributed to the loss. The case was tried before the district court without a jury, and the issues of fact, upon sufficient admissible evidence, were all settled in favor of plaintiff. Defendant has appealed from a judgment against it for the full amount of plain-

tiff's claim.

In the absence of proof' that the giving of the chattel mortgage contributed to the loss, did that violation of the policy invalidate the insurance? The answer depends on the following provisions of statute:

"Warranty Not to Avoid Policy Unless Deceptive. No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching unless such misrepresentation or warranty deceived the company to its injury. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." Rev. St. 1913, sec. 3187.

These provisions are by construction a part of the policy, but it is argued that, as indicated by the catch-words and the first sentence, the legislation contemplates conditions existing at the time of the application for the insurance and the issuance of the policy, but not subsequent violations. The argument is refuted by the literal terms of the act itself. The catch-words, even if a part of the enactment, do not limit specific provisions in plain language. The legislation must be considered as a whole. To the enactment in the first sentence on the subjects of misrepresentation and warranty in preliminary negotiations, the second sentence adds a provision on the existence of breach of condition in the policy itself. The statute declares that the breach of a condition in the policy shall not avoid it, "nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss." As applied to the policy in suit, the act of the legislature does not permit the forfeiture of the insurance on account of the giving of the chattel mortgage unless that breach of condition contributed to the loss. No other interpretation is per-

missible. There is no evidence that the breach of condition contributed to the loss. It follows that there was no defense to the merits of the case made by plaintiff, and that the judgment in its favor for the loss covered by the policy is not erroneous.

On another phase of the appeal an attorney's fee of $300 taxed by the trial court in favor of plaintiff as costs is assailed as erroneous. Under the statutes in force when the judgment was rendered the attorney's fee was unauthorized. As a part of the remedy in an action on a policy insuring real property, the taxing of an attorney's fee is allowable, but the statute does not extend to insurance on personalty, the kind of property covered by the policy in suit. Rev. St. 1913, secs. 3210, 3211. Prior to 1919 a statute authorized the court to tax an attorney's fee in favor of plaintiff upon rendering judgment in his favor on a policy of "indemnity" insurance, which was construed to include fire insurance. Rev. St. 1913, sec. 3212; *Johnson v. St. Paul Fire & Marine Ins. Co.*, 104 Neb. 831. In 1919, however, the legislature changed the word "indemnity" to "liability" and defined "liability insurance" as insurance "against loss or damage resulting from accident to or injury, fatal or nonfatal, suffered by an employee or other person for which the insured is liable." Laws 1919, ch. 103, sec. 2, and ch. 105, sec. 1, subd. 5. Under the new legislation "liability" insurance does not include fire insurance on personal property. With the law thus changed, attention has not been directed to a statute authorizing the court to tax an attorney's fee as costs upon rendering judgment in favor of plaintiff in an action on a fire insurance policy covering personal property only, nor has such a statute been found.

The judgment for the insurance is affirmed and the allowance of the attorney's fee is reversed, each party to pay its own costs in the supreme court.

AFFIRMED IN PART AND REVERSED IN PART.