CHARLES L. CAMPBELL, APPELLANT, V. COLUMBIA CASUALTY COMPANY, APPELLEE.

FILED MAY 24, 1933. No. 28550.

*John F. Brady* and *Emmet L. Murphy,* for appellant.

*Kennedy, Holland & De Lacy, contra.*

(1)

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action on an accident policy of insurance to recover $1,287.87. Plaintiff pleaded execution and delivery of the policy and in substance stated, among other things: While attempting to push his car in a street, January 18, 1931, when the policy was in force, he slipped, fell and struck the lower part of his back against a curb and injured his sacrum. As a result of the accident, he was totally disabled from that date until August 3, 1931, and thereafter was partially disabled until November 2, 1931; was confined to a hospital four weeks and three days; was required to submit to two operations, one March 23, 1931, and the other May 16, 1931.

In an answer to the petition, defendant admitted the issuance of the policy and that it was in force January 18, 1931, but denied that plaintiff's injury resulted from an accident against which he was insured. Defendant also interposed the defense that plaintiff failed to give notice of an injury within 20 days or within a reasonable time thereafter—a condition precedent to his right to a recovery under the terms of the policy.

After the evidence had all been adduced on both sides, the district court excused the jury and, on motion of defendant, dismissed the action for want of timely notice required by the policy.

The question presented by the appeal is raised by an assignment of error directed to the failure of the court below to submit the issue of notice to the jury. The solution depends on the statute, the terms of the policy and the undisputed evidence. The statute provides:

"No policy of insurance against loss or damage from disease or by bodily injury by accident, or both, of the assured, shall be issued or delivered * * * unless it contains in substance the following provisions: * * * A provision that specifies the time within which notice of accident or disability shall be given, which time shall not be

less than ten days from the date of the accident or the beginning of the disability from sickness upon which claim is based." Comp. St. 1929, sec. 44-604.

The statutory requirement is by construction a part of the insurance contract. Defendant insured plaintiff against disability resulting directly, independently and exclusively of all other causes from accidental, bodily injuries. The policy itself provides:

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury. * * *

"Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

Notice is not only required by statute, but issuance and delivery of a policy without a provision for notice of not less than 10 days after an accident are positively forbidden. The requirement for notice is thus made a condition of accident insurance. "Failure to give notice," says the policy, "shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." This means, in connection with the statutory requirement, that the stipulated notice, if not waived, is a condition precedent to the validity of a claim for accident insurance. The policy is not forfeited by want of the notice, but a claim for accident insurance is invalidated, if the statutory and contractual notice is not given.

The alleged accident occurred January 18, 1931, and notice thereof was not given until June 13, 1931. In the petition it is alleged that plaintiff was totally disabled by the accident from the date on which it occurred until August 3, 1931. He testified to this and to other facts alleged in his petition. Among other things, he said he had pain in the injured area immediately after falling

4

against the curb, that the pain increased and was continuous until after the second operation May 16, 1931. He was examined and treated by his physician February 8, 1931; had two operations afterward, one March 23, 1931, and the other May 16, 1931; was therefore acquainted with the accident and with any resulting injury; was able to be at his office in Omaha from the date of the accident until January 28, 1931, and after each operation; drove his own car for a time; could have given timely, valid notice of the accident and injury at an agency of defendant in Omaha where he procured his policy; was an insurance underwriter and wrote insurance policies; did not give notice from January 18, 1931, until June 13, 1931. These facts are established without dispute. Plaintiff did not prove that earlier notice was not reasonably possible or that he gave notice as soon as was reasonably possible. As a witness in his own behalf he was asked for a reason for the delay in giving notice, but an objection to the question was properly sustained as calling for a conclusion. There was no offer to prove a fact showing that earlier notice was not reasonably possible or that he gave notice as soon as was reasonably possible. After receiving notice of plaintiff's claim June 13, 1931, defendant denied liability, but this was not a waiver of timely notice or of the invalidity of the claim, because it had been previously invalidated for want of notice. The record shows conclusively without dispute that the notice required by the statute and the policy was not given, that plaintiff could reasonably have given it within the time specified by the contract. There was no excuse for the delay. In this situation, there was nothing to submit to the jury and the district court did not err in sustaining a motion for judgment in favor of defendant. On this point the law is well settled. *George v. Aetna Casualty & Surety Co.*, 121 Neb. 647, cited by plaintiff, is not at variance with the conclusion reached in the case at bar. There is no error in the record.

AFFIRMED.