## J. O. JOHNSON, APPELLANT, V. CALEDONIAN INSURANCE COMPANY, APPELLEE.

FILED DECEMBER 29, 1933.   No. 28631.

*A. L. Bishop*, for appellant.

*F. J. H. Lawson* and *Crofoot, Fraser, Connolly & Stryker*, contra.

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

MESSMORE, District Judge.

This is an appeal from the judgment of the district court for Wheeler county. The jury was waived and at the conclusion of the evidence the court found for defendant company, appellee herein.

The action was brought on an insurance policy. Plaintiff, appellant herein, was the owner of four horses covered by the policy in question and in full force and effect at the time one of the horses was struck by lightning and killed. Appellant prayed for a recovery of $80. Appellee answered, admitting that the policy was in full force and effect and valid while the live stock was located on certain real estate, to wit, the west half of section 31, township 22, range 11, Wheeler county, and that on March 30,

1928, appellee issued, at appellant's request, a removal permit continuing the insurance in force while appellant's live stock was located, contained and kept on the southeast quarter of section 12, township 21, range 10, in said county. The answer further alleges that when the horse was killed by lightning on July 7, 1928, it was not located, contained or kept on the real estate covered by the policy or the removal permit, but was on other and different real estate, to wit, section 4, township 21, range 10, in said county, and that therefore the loss was not covered by the policy. To this answer there was filed a denial.

The evidence discloses that the policy covered the live stock while located, contained and kept on the west half of said section 31; that a removal permit had been granted appellant by appellee on or about the time alleged in the answer, authorizing appellant to keep the live stock hereinbefore mentioned on the southeast quarter of section 12, aforesaid. It further discloses that the horse was in fact killed while in a pasture in section 4, aforesaid, and that no removal permit had been requested of or issued by the company for such location.

The errors relied on by appellant to reverse the judgment in this action may be summarized as follows: (1) That the judgment is not sustained by the evidence; (2) the judgment is contrary to law.

In support of the first contention appellant states that the removal of the property from the place designated in the policy does not invalidate the insurance contract, unless the breach of such contract contributed to the loss, citing section 44-322, Comp. St. 1929, the pertinent part of which statutory provision is as follows: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding."

Appellant further cites in support of his contention the

case of *Mayfield v. North River Ins. Co.*, 122 Neb. 63, and *Hannah v. American Live Stock Ins. Co.*, 111 Neb. 660.

In the case of *Mayfield v. North River Ins. Co., supra,* the agent of the company had actual knowledge of the transfer of the stock of goods of the hatchery to a new location, had inspected the premises and had discussed with the owners of the hatchery the proposition as to whether or not there might be additional insurance coverage, and defendant therefore was chargeable with the knowledge possessed by its agent with reference to the real situation of the risk prior to the fire which destroyed the property in question. This court is committed to the doctrine that notice to the local agent of an insurance company, who has authority to issue the, policy, is notice to the company.

Likewise, in case of *Hannah v. American Live Stock Ins. Co., supra,* it was held that the temporary removal of the insured animal from the premises where by the provisions of the policy it should have been kept did not invalidate the policy in the absence of proof that the failure to keep the animal on the premises of the insured existed at the time of the loss and contributed to the loss. This case is not in point with the proposition contended for by appellant because it involved a temporary removal and the loss occurred on the premises covered by the policy. The temporary removal was merely for breeding purposes and a forfeiture could not be declared under such circumstances, where the actual loss occurred on the premises covered by the policy, while in the instant case the actual loss occurred off the premises covered by the policy and the removal permit later granted. In the case last cited the company, in response to notice by telephone that the insured animal was ailing, sent veterinarians to take charge of the animal, and they examined it, operated upon it and continued to visit and treat it until its death a month and a half later, and the company was held to have waived the right to declare a forfeiture under the policy on account of failure of in-

sured to notify it by telegram of the first appearance of sickness or disease, that being one of the requirements of the policy.

In case of *Security State Bank v. Aetna Ins. Co.*, 106 Neb. 126, the owner of the insured goods had given a bill of sale which was really a chattel mortgage. There was no change of ownership. This court held that there was no violation of the provisions of the policy in giving the mortgage and the policy was not invalidated, as it in no way contributed to the loss; in other words, the giving of the chattel mortgage in the form of a bill of sale did not contribute in any way to the occurrence of the fire.

The question of fact presented to the trial court in the instant case was whether or not the removal of the horse in question to a place other than that covered by the policy, where the horse was subsequently struck by lightning, contributed to the loss of the horse. The trial court answered in the affirmative.

Analyzing the facts in this case and the law as cited by appellant and bearing in mind the statutory provision cited, we must conclude that the appellee had the right to make any reasonable condition as to what risk it might assume in the contract. Appellant knew he had the right to request a removal permit and in fact had so requested and obtained one, but at the time the loss occurred he had taken the horse from the location where he had coverage to a place two and one-half miles distant, when the insurance company by the very terms of the contract had the right to know where the stock was being kept and under the terms thereof was privileged to discontinue the insurance if it was not satisfied with the risk and the continuance of the same in the new location. That was the purpose for which the removal permit was created by the terms of the contract.

It can be said with some degree of certainty that locations differ with respect to lightning hazards because of the nature of the land and soil conditions, the presence of high trees, wire fences, the improper grounding of such

fences and other numerous hazardous conditions. With this in mind it would be reasonable for the company to be entitled to know where the live stock is being kept so that it may determine whether or not to continue the insurance in force.

We believe that where the contract of insurance is reasonable in its terms and the insured is fully apprised of all his rights and in fact has exercised his right thereunder by obtaining a removal permit for his live stock, and subsequently, in the absence of such permit, loses one of his horses in a location different than that covered by the policy, and where the agent of the company or the company itself has no knowledge of the removal of such animal to a place not covered by the policy and no notice of such removal, and such animal is struck by lightning and killed, the unauthorized removal of such animal was a breach existing at the time of the loss and contributed to the loss.

The judgment of the trial court was right and is

AFFIRMED.