Louis C. Haack, appellee, v. Midwest Life Insurance Company of Lincoln, appellant.

Filed July 14, 1936. No. 29640.

*J. W. Kinsinger* and *H. C. Henderson,* for appellant.

*Baylor & Tou Velle* and *George Healey, contra.*

Heard before Goss, C. J., Rose, Good, Day, Paine and Carter, JJ., and Yeager, District Judge.

Paine, J.

This is a suit upon an accident policy for the loss of an eye. Defendant's motion for directed verdict was overruled, and a verdict returned for $890.04, with $250 attorney fees. Defendant appeals.

Plaintiff sued on an accident policy of $2,500 issued by defendant, for which the premium was $1.32 a month, and which provided for one-third of the face of the policy for the loss of an eye. Plaintiff ran the shoe shop in the basement of Magee's store in Lincoln, and while operating a sand emery wheel on a lathe on August 10, 1933, dirt and sand flew up in his face, and some of it lodged in his left eye. He tried to remove it, but the pain continued, and a day or so later he consulted Dr. Miller, who got out a particle of foreign matter. The pain grew worse, spread to his forehead, and on September 11 he went to an eye specialist, but there was no improvement in its condition, and in October he went to see Dr. Teal, an oculist. The left eye was bloodshot, and he could see very little out of it.

Ten days before Thanksgiving Dr. Teal performed an operation to relieve the pain. His original bruise to the eyeball had started a disease called glaucoma, which is an inflammation inside the eyeball, which becomes very painful by increasing the tension. Within three weeks after the operation the pain returned, and from the latter part of October, 1933, plaintiff has had no sight in his eye.

The plaintiff also carried a policy in the Central States Life Insurance Company, of St. Louis, which provided $100 for loss of an eye, and on December 14, 1933, plaintiff filled out proof for loss of his eye from glaucoma, which blank was sent for by J. T. Toohey, agent of the company, and the $100 check from this company was dated January 3, 1934, and cashed by the plaintiff within a few days thereafter.

The oculist called by the defendant testified that the loss of sight of the left eye, from which he was suffering at the time of the trial, was permanent and irrecoverable, and was the result of the accident of August 10, 1933.

The defense is based on the provision of section 44-604, Comp. St. 1929, and upon a paragraph of the policy itself, which provides: "4. Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury."

It becomes very important to know what notice the plaintiff gave to the defendant company. The evidence shows that somewhere around the 15th of February, 1934, plaintiff called at defendant's office in Lincoln and asked for a claim blank, stating that he wished to make out a claim for loss of eyesight. The blank was given him. A friend of his, Mr. Toohey, the insurance agent already referred to, helped him fill it out, after which he signed it, and that day or the next day mailed it to the company, and it appears in evidence as exhibit 5, and is stamped with the receiving stamp, "Received Feb. 17, 1934, Midwest Life Ins. Co., Lincoln, Nebr." This was the first time that plaintiff ever communicated with the defendant in any way with regard to the accident or loss of vision.

The only excuse offered by the plaintiff for not giving notice months earlier is found in his answer to question 730, on redirect examination by Mr. Healey, as to why he did not inform them prior to that date, and his answer was: "Well, I was in hopes that my eye—that I would regain my eyesight some."

The plaintiff claimed no lack of knowledge of the policy or its contents, or that he did not know at all times that the difficulty he was having with his eye followed from the accident of August 10, 1933. The plaintiff was at his bench working regularly, except for an occasional half-day off and the days he spent in the hospital before Thanksgiving. He was not mentally or physically incapacitated in any way from giving notice, but, with no excuse except that set out above, he failed to notify the company for six months and seven days after the accident, and for two months and three days after he had sent in a claim to another company for loss of his eye.

With these simple facts before us, let us examine a few of the cases in point. It is said in *Woodmen Accident Ass'n v. Pratt,* 62 Neb. 673, 87 N. W. 546: "The question of the sufficiency of the excuse offered, and the reasonableness of the time in which the act is performed, to be determined according to the nature and circumstances of each individual case; the beneficiary in all cases being required to act with diligence, and without laches on his part." Provisions as to the time in which notice is required to be given are not necessarily and in every instance to be literally complied with in order to prevent a forfeiture of the policy. In this case the accident occurred October 17, 1895, by falling off a windmill tower, which produced concussion of the brain, and the insured was totally deranged as a result thereof, and his wife by a mere accident found the policy, and notified the company on November 25, 1895, one month and eight days after the accident. Recovery was allowed in this case.

In *Hilmer v. Western Travelers Accident Ass'n,* 86 Neb. 285, 125 N. W. 535, it was held that, where a person was

injured so seriously as to render him unconscious and cloud his mind, his failure to furnish proofs was excusable. The facts show that the insured was injured October 16, 1903, and was unconscious for 15 days, during which time his friends notified the company of the accident, but the company refused payment because of failure to give affirmative proofs in writing within 30 days of all minor details, including affidavit of attending physician. The judgment was affirmed.

In *Kaneft v. Mutual Benefit Health & Accident Ass'n,* 102 Neb. 87, 166 N. W. 121, it appears that Mr. Kaneft struck his shin on the running-board of his automobile, causing an abrasion of the skin, on May 5, 1915, but went on about his business and sent no notice to the company, but blood poison developed, and he was taken to a hospital May 23, and died a few days later, and it was held that the time within which notice must be given does not begin to run until the injured party has reason to believe that his injury will constitute a claim.

There is an abundance of cases where the insured gave notice just as soon as he had ground to believe a claim would arise, such as suits by the insured against his insurance carrier, as illustrated by *George v. Aetna Casualty & Surety Co.,* 121 Neb. 647, 238 N. W. 36, and *Chapin v. Ocean Accident & Guarantee Corporation,* 96 Neb. 213, 147 N. W. 465, and while these and several similar cases are cited by the plaintiff, they are not applicable to the case at bar.

However, we have a recent case of *Campbell v. Columbia Casualty Co.,* 125 Neb. 1, 248 N. W. 690. Plaintiff slipped in pushing his automobile and fell, striking his sacrum on the curb, on January 18, 1931, and was totally disabled from that day to August 3, 1931, and partially disabled until November 2, 1931. He was in a hospital four weeks, and had two operations. Judge Rose, in writing the opinion, discusses the statute, section 44-604, Comp. St. 1929, and says that failure to give notice shall not invalidate claim if it shall be shown not to have been reasonably possible

to give such notice, which means that the stipulated notice, unless it is waived, is a condition precedent to the validity of a claim for accident insurance. The policy is not forfeited by want of notice, but a claim for accident insurance is invalidated if the statutory and contractual notice is not given. This accident happened January 18, 1931; notice was not given until June 13, 1931. There was no offer to prove a fact showing that earlier notice was not reasonably possible, or that he gave notice as soon as was reasonably possible. Judge Redick, after the evidence had been taken, dismissed the jury, and upon motion of defendant dismissed the action for want of timely notice required by the policy. Judge Rose said there is no error in the record, and it is strictly in point with this case.

Chief Justice Cardozo, speaking for the court, said in *Rushing v. Commercial Casualty Ins. Co.*, 251 N. Y. 302, 167 N. E. 450, where the required notice was delayed for a period of 22 days, that in such a case the burden of furnishing proof of circumstances which excuse the delay, and show it to have been reasonable, rests on the assured.

Other opinions supporting our discussion are *Ross v. First American Ins. Co.*, 125 Neb. 329, 250 N. W. 75; *Business Men's Assurance Co. v. Selvidge*, 187 Ark. 1040, 63 S. W. (2d) 640; *Wheeler v. London Guarantee & Accident Co.*, 180 La. 366, 156 So. 420.

We have reached the conclusion that plaintiff failed to give notice in accordance with the liberal terms of the statute, section 44-604, Comp. St. 1929, or the notice as provided in the terms of his policy. Plaintiff failed to sustain the burden of proving that he gave notice as soon as it was reasonably possible for him to give it, but the facts show that, while he finally gave a notice to another company, he delayed more than two months longer before giving the defendant notice.

In our opinion, the trial court should have sustained defendant's motion for a directed verdict, and the judgment is reversed and the case dismissed.

REVERSED AND DISMISSED.