JOHN L. CLARK, APPELLEE, V. STATE FARMERS INSURANCE COMPANY, APPELLANT.

7 N. W. (2d) 71

FILED DECEMBER 11, 1942. No. 31420.

*Abrahams, Frenzer & Hills*, for appellant.

*Joseph B. Fradenburg* and *Henry G. Peterson, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

This is a suit upon an "Assessment Association Policy" of insurance, to recover the sum of $700 for loss of household goods by fire. At the close of plaintiff's case in chief,

defendant moved that a verdict be directed for it or in the alternative that the jury be discharged and judgment entered for it. The plaintiff then moved for a directed verdict. Defendant then, notwithstanding its motion, "reserved the right to introduce testimony." Plaintiff had not offered his policy in evidence. It was then stipulated that a copy of a policy offered in evidence on cross-examination contained all of the provisions of plaintiff's policy. Defendant then withdrew its reservation and renewed its motion. The court considered the matter as having been submitted to it, the jury were discharged, the court found generally in favor of plaintiff and rendered judgment for the plaintiff against the defendant for $700 principal sum and $35 interest. Defendant appeals.

The facts of this case are not in dispute so far as the issue here presented is concerned.

The policy of insurance was issued to plaintiff in 1931. He put it in his box at a bank in Valley, Nebraska, where it thereafter remained until 1940 without plaintiff examining it. Payments of assessment were made on statements sent plaintiff by the defendant.

Plaintiff had a loss in 1934 on some live stock, and had at least one other loss by lightning at a time not stated. Without examining his policy he filed notice and proof of loss in those instances and payments were made.

October 3, 1936, fire destroyed his house and household goods. In October, 1940, defendant wrote the plaintiff suggesting changes in the coverage of his policy to include new types of machinery, etc., and advised plaintiff of his then coverage, including "700 household goods." Plaintiff went to the bank, got his policy, went to defendant's office, talked to a lady there, told her he had had a loss of his household goods some three or four years before and asked "was there any chance of recovering?" She said "She didn't think so." He left his old policy to be exchanged for a new one with different coverage. Plaintiff never filed a formal proof of loss, never talked about the loss with the defendant's secretary and never gave the de-

fendant notice of loss, other than as recited herein. The evidence sustains the amount of the judgment if plaintiff is entitled to recover in any amount.

Plaintiff filed his petition April 3, 1941, and the case was tried February 3, 1942.

In his petition plaintiff alleged the issuance of the policy covering his household goods for the sum of $700 against loss or damage by fire, the payment of the premiums, that he does not have the policy, that defendant knows its conditions and terms, his loss, and that he failed to file notice of claim and proof of loss for the reason that he "overlooked the existence of the policy and had no knowledge thereof until several years later," that the failure to give notice and file proof of loss did not contribute to the loss nor place the defendant "in any worse position."

Defendant denied generally; admitted the issuance of the policy, the coverage in the amount claimed, and that notice of claim and proof of loss were not given. Defendant alleged that the policy contained provisions that the defendant should not be held to have waived any of its provisions; that the loss "shall not be payable until sixty days after the notice * * * proof of the loss herein required shall have been received" by the defendant; that "no suit or action on this policy * * * shall be sustained * * * until the insured fully complies with all of the conditions and requirements of this policy;" that "the insured shall give immediate notice in writing * * * of any loss * * * shall protect the property * * * make complete inventory stating the cost and quality of each article, the amount claimed thereon within sixty days after loss;" that the insured shall render a sworn statement covering a variety of matters as to the value, title, condition, etc., of the property and loss claimed to have been sustained; and that an estimate of loss sustained shall be made by the defendant and insured and the sum for which defendant is liable was to be paid sixty days after "due notice, ascertainment or estimate and satisfactory proof of loss" had been re-

ceived by defendant. Defendant, alleging that these requirements had not been complied with, states that they are conditions precedent to recovery, and that plaintiff has been guilty of laches and negligence and is barred from recovery. Defendant further alleges that, because of the failure of the plaintiff to give the notice and file the proofs of loss, it was prevented from investigating the fire, ascertaining the cause and amount of the loss, and otherwise protecting itself under the terms of the policy.

The policy admitted in evidence sustained the allegations of the answer. No reply was filed.

It is apparent that, if the policy is to be enforced as written, plaintiff is not entitled to recover.

Defendant contends that the giving of such notice and proof of loss are a condition precedent to recovery upon the policy, and that plaintiff may not maintain this action because of his failure to furnish such notice and proof.

To sustain its position defendant cites *McCann v. Aetna Ins. Co.*, 3 Neb. 198; *German Ins. Co. v. Fairbank*, 32 Neb. 750, 49 N. W. 711; *Western Home Ins. Co. v. Richardson*, 40 Neb. 1, 58 N. W. 597; *Campbell v. Columbia Casualty Co.*, 125 Neb. 1, 248 N. W. 690; *Haack v. Midwest Life Ins. Co.*, 131 Neb. 501, 268 N. W. 360; *Thomas v. Prudential Ins. Co.*, 131 Neb. 274, 267 N. W. 446; 26 C. J. 469; 29 Am. Jur. 824, sec. 1100.

Plaintiff in his brief states that the last three of our decisions above cited are actions upon different types of policies and were governed by section 44-604, Comp. St. 1929, and that those cases are not in point. As to the first three decisions cited, plaintiff states that they were decided before the passage of section 44-322, Comp. St. 1929, in 1913, that they correctly reflected the law of the state of Nebraska at the time they were announced, but that the statute above cited makes them inapplicable at the present time.

Our inquiry then is here directed to the questions of whether or not the statute relieves plaintiff of the requirement that he prove notice and proof of loss as a condition precedent to recovery of benefits under the policy. The statute in full is as follows:

"No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured, or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty deceived the company to its injury. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." Comp. St. 1929, sec. 44-322.

It is not here contended that there was any misinterpretation or warranty made by the plaintiff (insured) in the negotiation for the policy of insurance upon which this suit is based. Clearly the first sentence of the section has no application to this situation. The defendant did not here seek to avoid the policy, but rather sought to avoid liability on the policy because the insured had not complied with a condition precedent to suit thereon.

The second sentence means that a breach of a warranty or condition which exists at the time of a loss and contributes to the loss may avoid the policy or enable the insurer to avoid liability. The sentence relates to those breaches which exist "at the time of the loss." It does not relate to a breach of the terms of a policy which could only arise after the loss has occurred. It does not deny the insurer the right to rely upon the conditions of its policy which the insured is required to perform as a condition of recovery after the loss has occurred. It relates to the question of a recoverable loss and not to the question of procedure to be followed in collecting for the loss after it has occurred. Clearly a notice of loss and proofs of loss can only be given after the loss has occurred.

To construe the statute as plaintiff contends would be to hold that an insurance company could not rely upon any conditions of its contract as a matter of defense unless it be able to show that a breach existed at the time of and

contributed to the loss. To so hold would be to declare many standard provisions of insurance contracts inoperative.

The state of Texas has a somewhat similar statute. Its court in a series of decisions has held that their act refers only to those warranties and provisions in policies the breach of which might contribute to or bring about a fire loss. *Philadelphia Underwriters Agency of Fire Ins. Ass'n v. Driggers,* 111 Texas, 392, 238 S. W. 633.

Section 44-322, Comp. St. 1929, does not relieve an insured of the duty of giving notice and proof of loss to an insurer before a suit for the recovery of benefits under a fire policy may be maintained.

It appears to be conceded here that defendant is a domestic assessment association. Section 44-905, Comp. St. 1929, provides: "Every member of such association who may sustain loss or damage shall, as soon as practicable, thereafter, notify the secretary thereof stating the amount of damage or loss claimed." The record here is that, while the plaintiff knew the secretary of the association, he never at any time gave him the notice called for by this provision. The conversation with the unidentified lady in defendant's office did not purport to be a statement of the "loss claimed." This provision of the statute was a part of the same act passed in 1913 (Laws 1913, ch. 154) that contained the provisions which are now section 44-322, *supra,* upon which plaintiff relies. To accept plaintiff's construction of section 44-322 would be to hold that compliance with section 44-905 was not required. Effect, if possible, must be given to both provisions of the act.

We have examined the cases cited by plaintiff of *Murphy v. Travelers Ins. Co.,* 141 Neb. 41, 2 N. W. (2d) 576; *Security State Bank v. Aetna Ins. Co.,* 106 Neb. 126, 183 N. W. 92; *George v. Aetna Casualty & Surety Co.,* 121 Neb. 647, 238 N. W. 36; *Newman v. National Union Fire Ins. Co.,* 122 Neb. 94, 239 N. W. 464; *Mayfield v. North River Ins. Co.,* 122 Neb. 63, 239 N. W. 197; *Westchester Fire Ins. Co., v. Norfolk Bldg. & Loan Ass'n,* 14 Fed. (2d) 524;

*Weiner v. Aetna Ins. Co.*, 128 Neb. 575, 259 N. W. 507; *Ware v. Home Mutual Ins. Ass'n*, 135 Neb. 329, 281 N. W. 617. Clearly these cases do not determine the question here presented.

The trial court erred in entering judgment for the plaintiff. The motion of the defendant should have been sustained.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in accord with this opinion.

REVERSED.